IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIE PARLANTE,

        Plaintiff,                     No. CIV S-11-2696 MCE GGH PS

    vs.

SAVANNA CAZARES, et al.,

        Defendants.         <u>ORDER</u>

_____/

        This diversity action[1] against numerous defendants, originally filed on October 13, 2011 (dkt. no. 1), was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee and is proceeding in this action pro se. On December 8, 2011, defendant Savanna Cazares ("Cazares") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), noticed for hearing on February 16, 2012. (Dkt. Nos. 6, 9.) Plaintiff filed an opposition to the motion (dkt. no. 11), and Cazares filed a reply (dkt. nos. 13, 15). Subsequently, on February 13, 2012, the court vacated the hearing and ordered the motion submitted on the record. (Dkt. No. 14.) After considering the papers in support of and in opposition to the motion, the court's record in this matter, and the applicable law, the court now issues the following order.

---

[1] Plaintiff alleges that she is a citizen of New York, that all defendants reside in California, and that the amount in controversy exceeds $75,000. (Compl. at 1-2.)

BACKGROUND

The background facts, which are sparse and somewhat confusing, are taken from plaintiff's operative complaint. (See Complaint, Dkt. No. 1 ["Compl."].) Plaintiff alleges that she obtained approval for an interstate compact for the placement of children ("ICPC")[2] in regard to her biological grandson. (Compl. at 2.) However, plaintiff contends that her attorney, defendant Michael Borkowski ("Borkowski"), improperly represented plaintiff by "failing to follow the procedures for the type of California W&I code section 388 hearing he requested of the court"; failed to communicate the status of plaintiff's case in the Sacramento juvenile system and in the 3rd District Court of Appeal; and breached his professional duties to plaintiff. (Compl. at 2-3.) Borkowski purportedly received $7,500 for the services rendered to plaintiff. (Compl. at 3.) Plaintiff alleges that, but for Borkowski's breach of his duties, she would have received favorable relief in the underlying juvenile case in the form of custody of her grandson. (Compl. at 3.) According to plaintiff, her resulting damages include an inability to associate with her grandson permanently due to the termination of plaintiff's son's parental rights. (Compl. at 3.) Plaintiff does not identify exactly what claims or causes of action are brought against Borkowski, although her factual allegations concerning Borkowski appear to involve claims of negligence and/or legal malpractice.

The only allegations against Cazares and the remaining defendants are set forth in the last two paragraphs of the complaint's substantive allegations:

---

[2] For background purposes only, according to the California Department of Social Services, "[t]he ICPC is a contract among member states and U.S. territories authorizing them to work together to ensure that children who are placed across state lines for foster care or adoption receive adequate protection and support services. The ICPC establishes procedures for the placement of children and fixes responsibility for agencies and individuals involved in placing children. To participate in the ICPC, a state must enact into law the provisions of the ICPC. In 1975, California adopted the provisions of the ICPC, now found at Family Code Section 7900, et seq. This statute designates the California Department of Social Services (CDSS) as 'the appropriate public authority' responsible for administration of ICPC." California Department of Social Services, Interstate Compact on the Placement of Children (ICPC), *available at* http://www.childsworld.ca.gov/PG1316.htm.

> On information and belief Defendants Savanna Cazares, Elizabeth Wright, Theresa Ravandi, Anders Tyslan, Joan Tyslan and Does 1 to 30 have committed civil conspiracy on the part of Plaintiff and her biological grandson by promising that the child (grandson) would be well cared for while in fact the child was dumped into social services the very next day after judgment was obtained in favor of defendants from the Sacramento Superior Court acting as the juvenile court. All defendants mentioned in this paragraph at one time or another during the underlying case in Sacramento have falsely represented facts in sworn statements which is against public policy in the State of California.
>
> The documents filed by Anders Tyslan and Joan Tyslan requesting removal of the child showed the use of the past tense in describing the behavior of the child which indicates there were problems with the child and the Tyslans despite their false representation that there were no issues.

(Compl. at 3-4.)

Again, plaintiff does not identify any specific claims or causes of action against these defendants, although she appears to allege the existence of fraud and a civil conspiracy. Plaintiff requests an award in excess of $5,000,000.00 in actual, compensatory, and exemplary damages with attorneys' fees, court costs, and other costs. (Compl. at 4-5.) Plaintiff further requests that the federal court conduct a de novo review of the underlying juvenile case "due to constitutional violations of Plaintiff's federally protected rights of due process and access to the courts." (Compl. at 4.)

DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."

1 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can

2 grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

3 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

4 inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

5                     Claims against Cezares

6        As an initial matter, plaintiff's complaint fails to identify specific claims or causes

7 of action against defendant Cazares.  Furthermore, to the extent plaintiff attempts to state claims

8 for fraud and civil conspiracy against Cazares, plaintiff fails to allege sufficient facts in support

9 of such claims.

10       "Under California law, the 'indispensable elements of a fraud claim include a

11 false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and

12 damages.'" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting

13 Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).  Any claim sounding in fraud is also

14 subject to the requirements of Fed. R. Civ. P. 9.  That rule, titled "Pleading Special Matters,"

15 provides as follows with regard to claims of "Fraud or Mistake; Conditions of Mind":

16         In alleging fraud or mistake, a party must state with particularity
        the circumstances constituting fraud or mistake.  Malice, intent,
17         knowledge, and other conditions of a person's mind may be alleged
        generally.
18

19 Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific

20 fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a

21 pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes

22 from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon

23 the court, the parties and society enormous social and economic costs absent some factual

24 basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec.

25 Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Accordingly, pursuant to Rule 9(b), a plaintiff

26 at a minimum must plead evidentiary facts such as the time, place, persons, statements and

explanations of why allegedly misleading statements are misleading. See Vess, 317 F.3d at 1106; Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).

Here, plaintiff merely alleged that "[a]ll defendants mentioned in this paragraph at one time or another during the underlying case in Sacramento have falsely represented facts in sworn statements...." (Compl. at 3-4.)  Plaintiff provides no facts regarding the content of the allegedly false representations, why these representations were false, when and where these representations were made, and by whom and to whom the representations were made.  Thus, plaintiff provides Cazares with little to no notice of the alleged false representations attributed to her.

Plaintiff's factual allegations regarding a civil conspiracy are similarly deficient. "Under California law, to state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006).  In this case, plaintiff only alleges that Cazares and other defendants "have committed civil conspiracy on the part of Plaintiff and her biological grandson by promising that the child (grandson) would be well cared for while in fact the child was dumped into social services the very next day after judgment was obtained in favor of defendants from the Sacramento Superior Court acting as the juvenile court." (Compl. at 3.) Plaintiff does not allege any specific facts regarding an agreement between Cazares and other defendants to participate in an unlawful act or the actions taken in furtherance of the alleged conspiracy.  Indeed, plaintiff does not even explain what role Cazares (or defendants Elizabeth Wright, Theresa Ravandi, Anders Tyslan, and Joan Tyslan) played in the custody of her grandson and/or the state court proceedings.

Accordingly, the court will dismiss plaintiff's claims against Cazares, but with leave to amend.  If plaintiff elects to amend her complaint, plaintiff must identify the specific claims or causes of action against Cazares, as well as the applicable law pursuant to which these

claims are made. Importantly, in accordance with the above, plaintiff must allege specific facts in support of each required element of each claim or cause of action.

<u>Defendants Elizabeth Wright, Theresa Ravandi, Anders Tyslan, and Joan Tyslan</u>

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. <u>Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery</u>, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); <u>see</u> <u>also</u> <u>Bach v. Mason</u>, 190 F.R.D. 567, 571 (D. Idaho 1999); <u>Ricotta v. California</u>, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Defendants Elizabeth Wright, Theresa Ravandi, Anders Tyslan, and Joan Tyslan have not joined in defendant Cazares's motion to dismiss. According to plaintiff, they have not yet been served with process. (<u>See</u> Status Report, Dkt. No. 10 at 2.) Nevertheless, because plaintiff's claims against these defendants suffer from the same deficiencies outlined above with respect to defendant Cazares, the court will, on its own motion, dismiss plaintiff's claims against these defendants, but with leave to amend. Again, if plaintiff elects to amend, plaintiff must identify the specific claims or causes of action against each of these defendants, as well as the applicable law pursuant to which these claims are made. Furthermore, plaintiff must allege specific facts in support of each required element of each claim or cause of action.

\\\\\

\\\\\

Defendant Borkowski

Defendant Borkowski has already appeared and answered plaintiff's operative complaint. (See Dkt. No. 5.)  However, although the factual allegations suggest that plaintiff is attempting to state claims for negligence and/or legal malpractice against Borkowski, the complaint does not specify exactly what claims or causes of action are alleged.

Under California law, "to prevail in an action based upon a defendant's alleged negligence, a plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his or her injuries." Ambriz v. Kelegian, 146 Cal. App. 4th 1519, 1530-31 (2007).  Furthermore, "to state a cause of action for legal malpractice, a plaintiff must plead (1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence.  To show damages proximately caused by the breach, the plaintiff must allege facts establishing that, but for the alleged malpractice, it is more likely than not the plaintiff would have obtained a more favorable result." Jocer Enterprises, Inc. v. Price, 183 Cal. App. 4th 559, 572 (2010).

In light of plaintiff's failure to identify the claims or causes of action brought against defendant Borkowski, the court will also dismiss plaintiff's claims against defendant Borkowski with leave to amend.  In any amended complaint, plaintiff shall clarify exactly what claims or causes of action are asserted against defendant Borkowski.[3]

Plaintiff's Request for De Novo Review of State Court Action

A federal district court does not have jurisdiction to review legal errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983);

---

[3] The court orders this amendment for logistical reasons as well.  It will not do to have multiple operative complaints in a single action, one against one defendant, another against a second defendant, and so forth.  This case should proceed on only one operative complaint as to all defendants such that discovery and other case management can be planned.

7

Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This doctrine has not aged well with time. In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the Markham dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the Rooker-Feldman doctrine. See Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

Marshall v. Marshall, 547 U.S. 293, 318 (2006) (Stevens, J. dissenting). However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

> Rooker-Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464 (2006), quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

The Ninth Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003):

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.

Id. at 1164.

In her prayer for relief, plaintiff includes a request that this court conduct a "de novo review" of the underlying juvenile case "due to constitutional violations of Plaintiff's federally protected rights of due process and access to the courts." (Compl. at 4.) Because this request clearly amounts to a de facto appeal of the state court's judgment based on alleged

8

constitutional errors committed by the state court, it is barred by Rooker-Feldman. Accordingly, in any amended complaint, plaintiff shall not include requests for review of the state court's decisions based on alleged legal errors or constitutional violations.

In sum, the court will dismiss plaintiff's complaint with leave to amend. The court will also set deadlines for filing and serving any amended complaint and completing service of process on defendants that have not yet been served. Furthermore, the court deems it appropriate to set a status conference in this matter, as set forth below.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Cezares's motion to dismiss (dkt. no. 6) is granted, and plaintiff's complaint is dismissed with leave to amend.

2. Plaintiff shall file and serve a first amended complaint in accordance with this order on the defendants that have already been served with process (including defendants Cazares and Borkowski) within 28 days. Those defendants will be required to respond to the first amended complaint within 21 days of being served.

3. Plaintiff shall complete service of process with the first amended complaint on the defendants that have not yet been served with process within 60 days. Those defendants will be required to respond to the first amended complaint within 21 days of being served. Failure to complete service of process on defendants within 60 days will result in a recommendation that such defendants be dismissed from the case with prejudice pursuant to Fed. R. Civ. P. 41(b).

4. A status conference is set for May 24, 2012 at 10:00 a.m. in Courtroom 9 before the undersigned. The parties shall submit a joint status report in accordance with the court's previous order requiring joint status report (see dkt. no. 4) no later than seven (7) days prior to the status conference, i.e. on May 17, 2012.

5. Discovery is stayed until the status conference has been conducted.

\\\\\

6. Failure to file and serve an amended complaint in accordance with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED: February 16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Parlante.2696.mtd.wpd