IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIE PARLANTE,

      Plaintiff,                             No. CIV S-11-2696 MCE GGH PS

    vs.

SAVANNA CAZARES, et al.,

      Defendants.                    ORDER

_____/

        This diversity action against numerous defendants was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee and is proceeding in this action pro se. On February 16, 2012, the court dismissed plaintiff's complaint with leave to amend. In the event plaintiff elects to amend, the court ordered plaintiff to file and serve a first amended complaint on the defendants that have already been served with process within 28 days of that order. The court further ordered plaintiff to complete service with the first amended complaint on defendants that have not yet been served with process within 60 days of that order. (See Dkt. No. 16.)

        Subsequently, on March 2, 2012, defendant Theresa Ravandi filed a motion and amended motion to dismiss plaintiff's complaint for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5), noticed for hearing on April 19, 2012. (Dkt. Nos. 17, 21.) After

1   reviewing the papers in support of the motion, the court concludes that further briefing or oral

2   argument would not be of material assistance in resolving the motion.  Accordingly, the April 19,

3   2012 hearing will be vacated.

4   　　　　　According to defendant Ravandi, plaintiff left the original complaint at her

5   residence on February 15, 2012.  (See Declaration of Theresa Ravandi, Dkt. No. 18 ["Ravandi

6   Decl."] ¶ 2.)  On February 16, 2012, the same day that this court dismissed the original complaint

7   with leave to amend, the original complaint was delivered to defendant Ravandi's business where

8   it was accepted on her behalf.  (Ravandi Decl. ¶ 3.)  A second copy of the original complaint was

9   mailed to defendant Ravandi by registered mail that same day.  (Ravandi Decl. ¶ 3.)  Although

10  defendant Ravandi concedes that the original complaint served at her place of business and by

11  registered mail on February 16, 2012 was properly served, she argues that the service was not

12  effective until February 26, 2012 – ten days later.  See Cal. Civ. Proc. Code § 415.20(a).[1]  Thus,

13  because the original complaint served was dismissed on February 16, 2012, service was

14  insufficient, and defendant Ravandi seeks dismissal of the original complaint under Fed. R. Civ.

15  P. 12(b)(5).  However, because the court already dismissed plaintiff's original complaint,

16  defendant Ravandi's motion to dismiss is moot.  The court cannot dismiss a complaint that has

17  already been dismissed.

18  \\\\\

19

---

20  [1] Fed. R. Civ. P 4(e) provides, in part, that "[u]nless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed
21  – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court
22  is located or where service is made;...."  Fed. R. Civ. P. 4(e)(1).  In turn, Cal. Civ. Proc. Code § 415.20(a) provides that "[i]n lieu of personal delivery of a copy of the summons and complaint to
23  the person to be served..., a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his
24  or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and
25  complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left...Service of a summons in this manner is deemed
26  complete on the 10th day after the mailing."

1   Additionally, in regard to service of process, "the provisions of Rule 4 outlining
2 the manner of service are construed liberally to uphold service." See Crane v. Battelle, 127
3 F.R.D. 174, 177 (S.D. Cal. 1989); see also United Food & Commercial Workers Union, Locals
4 197 et al. v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that
5 should be liberally construed so long as a party receives sufficient notice of the complaint.")
6 Nevertheless, even with actual notice, there must be substantial compliance with the
7 requirements of Rule 4. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). "In
8 exercising its discretion under Rule 4 a court may consider whether the plaintiff's error resulted
9 from innocent mistake or inexcusable neglect." Crane, 127 F.R.D. at 177-78.

10   Here, there has been substantial compliance with Rule 4's requirements.
11 Defendant Ravandi concedes that the original complaint served at her place of business and by
12 registered mail on February 16, 2012 was properly served. Plaintiff's service of the original
13 complaint was obviously an innocent mistake resulting from the fact that the court's order
14 dismissing the original complaint was issued that same day. Although defendant Ravandi points
15 out that service was technically only effective on February 26, 2012, she cannot seriously
16 contend that she suffered prejudice to some substantial right. See Crane, 127 F.R.D. at 178. She
17 clearly received sufficient notice of the litigation and has already retained counsel to represent
18 her. Also, no further action from her is required until she is served with a copy of plaintiff's first
19 amended complaint, if plaintiff elects to amend. Requiring plaintiff to re-serve defendant
20 Ravandi with process is unnecessary and would only result in further delay. Indeed, defendant
21 Ravandi expressly asks the court to order that further service of papers be made on her counsel.

22   Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:
23   1.  The April 19, 2012 hearing on defendant Ravandi's motion is vacated.
24   2.  Defendant Ravandi's motion to dismiss (dkt. nos. 17, 21) is denied as moot.
25   3.  If plaintiff elects to file a first amended complaint, plaintiff shall serve the first
26 amended complaint on counsel for defendant Ravandi within 28 days of this order. No further

3

service of process on defendant Ravandi is required.

DATED: March 5, 2012

                                          /s/ Gregory G. Hollows  
                                  UNITED STATES MAGISTRATE JUDGE

GGH/wvr  
Parlante.2696.mtd2.vac.wpd