1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIE PARLANTE,

11          Plaintiff,                    No. 2:11-cv-2696 MCE GGH PS

12      vs.

13   SAVANNA CAZARES, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          This action against numerous defendants, originally filed on October 13, 2011,

17   was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

18   Plaintiff has paid the filing fee and is proceeding in this action pro se.

19          On May 9, 2012, defendant Theresa Ravandi filed a motion to dismiss plaintiff's

20   first amended complaint, noticed for hearing on June 7, 2012.  (Dkt. No. 27.)  On May 11, 2012,

21   defendants Savanna Cazares and Elizabeth Wright filed a motion to dismiss, motion to strike,

22   and motion for misjoinder of parties, noticed for hearing on June 14, 2012.  (Dkt. No. 28.)

23   Plaintiff failed to file oppositions or statements of non-opposition to these motions as required by

24   E.D. Cal. L.R. 230(c).  By order dated June 1, 2012, the court vacated the hearings on these

25   motions in light of plaintiff's failure to file oppositions.  (Dkt. No. 31.)

26   \\\\\

1    Although the court liberally construes the pleadings of pro se litigants, they are

2   required to adhere to the rules of court.  Failure to obey local rules may not only result in

3   dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral

4   arguments if opposition has not been timely filed by that party."  E.D. Cal. L.R. 230(c).  More

5   broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and

6   all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal.

7   L.R. 110; see also E.D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by

8   pro se litigants).

9    "Failure to follow a district court's local rules is a proper ground for dismissal."

10   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's

11   interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

12   risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

13   merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize

14   dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash

15   R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).

16    The court has considered the factors set forth in Ghazali.  "[T]he key factors are

17   prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th

18   Cir. 1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned

19   case, and this court is put in the untenable position of expending limited judicial resources to

20   decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the

21   court's need to manage its docket, and the unsuitability of a less drastic sanction where plaintiff

22   has failed to prosecute her case, direct that the action be dismissed.

23    Moreover, the court has reviewed the substance of defendants' motions and finds

24   that they have merit.  Plaintiff's allegations in this action are vague and confusing, but appear to

25   relate to a custody dispute regarding her biological grandson.  Plaintiff claims to have obtained

26   \\\\\

approval for an interstate compact for the placement of children ("ICPC")[1] in regard to her

grandson.  She broadly alleges some type of fraud and conspiracy by defendants Savanna

Cazares, Elizabeth Wright, Theresa Ravandi, Anders Tyslan, and Joan Tyslan that eventually led

to the termination of her son's parental rights.  She also claims that her attorney, defendant

Michael Borkowski, improperly represented plaintiff's interests in the juvenile court proceedings,

thereby preventing her from obtaining custody of her grandson.  Plaintiff seeks damages, fees,

and costs in excess of $5,000,000.00, primarily by virtue of her permanent inability to associate

with her grandson.  She also requests that this court conduct a de novo review of the underlying

custody case, which plaintiff contends was appealed to the California appellate courts and the

United States Supreme Court.

In its previous order dismissing plaintiff's original complaint with leave to amend,

the court, in light of plaintiff's pro se status, specifically outlined the applicable law regarding

fraud and conspiracy claims, including the necessary elements to plead these claims, the

heightened pleading requirements that apply to fraud claims, etc.  (See Dkt. No. 16 at 4-6.)  The

court made clear that plaintiff must provide sufficient facts explaining the roles of the various

defendants in the alleged fraud and/or conspiracy.  However, plaintiff's first amended complaint

evinces little effort to cure the prior deficiencies.[2]

---

[1] For background purposes only, according to the California Department of Social Services, "[t]he ICPC is a contract among member states and U.S. territories authorizing them to work together to ensure that children who are placed across state lines for foster care or adoption receive adequate protection and support services.  The ICPC establishes procedures for the placement of children and fixes responsibility for agencies and individuals involved in placing children.  To participate in the ICPC, a state must enact into law the provisions of the ICPC.  In 1975, California adopted the provisions of the ICPC, now found at Family Code Section 7900, et seq.  This statute designates the California Department of Social Services (CDSS) as 'the appropriate public authority' responsible for administration of ICPC."  California Department of Social Services, Interstate Compact on the Placement of Children (ICPC), available at http://www.childsworld.ca.gov/PG1316.htm.

[2] Indeed, the first amended complaint essentially consists of the original complaint, with a few pages added at the beginning and a few paragraphs/sentences added towards the end.  (Compare Dkt. Nos. 1 & 26.)  It is unclear even what the jurisdictional basis of the action is, because the "original portion" of the first amended complaint purportedly invokes the court's

1    Plaintiff alleges that "Defendant Savanna Cazares and Theresa Ravandi, is [sic]

2    employee of County of Sacramento Social Services Agency Department of Family & Children

3    Services Child Protective Services, and Elizabeth Wright is Offic [sic] of the County Counsel.

4    Anders Tyslan, Joan Tyslan is the minor Ryuichi Parlante's foster parents."  (Dkt. No. 26 at 2.)

5    Plaintiff then goes on to allege certain "nefarious" practices by the District Attorney's Office, the

6    County of Sacramento, and Child Protective Services, vaguely and at times incomprehensibly

7    alleging involvement by the named defendants as follows:

8         According to the association with the faster [sic] parents;
          ANDERS TYSLAN, JOAN TYSLAN under the influence, zealous
9         representation involving conspiracy of Sacrament [sic] Social
          Service Agency within the bounds of the law for the minors they
10        represent, as is required of any attorney practicing law in the State
          of California.  Instead of providing independent and zealous
11        representation of minors, and justification of unification services,
          the social worker counsel, ELIZABETH WRIGHT, which was
12        appointed for the defendants, Sacrament [sic] social worker service
          employee, SAVANNA CAZARES and THERESA RAVANDI in
13        the juvenile proceedings which she is appointed [sic], such as the
          juvinel [sic] proceedings involving the Parlante family herein,
14        operate as indistinct and undifferntiated [sic] advocates of the
          position of COUNTY COUNSEL and Sacramento Department of
15        child profective [sic] services agency 1) do not independently
          investigate the facts and circumstances that have brought the
16        children into or within the juvenile dependency system as required
          under the lawful conditions of their statutory appointment (Welfare
17        & Institutions Code Section 317)  2.) do not obtain and inform the
          court of the wishes of children who wish to be returned to their
18        parents, or relatives, 3.) rutinely [sic] accept appointment at the
          initial detention hearing and "submit" on the allegations of fact
19        submitted by COUNTY and/or Department of Child Protective
          Service Agency without having so much as met their young clients,
20        much less actually spoken to them to ascertain version of the
          events alleged by COUNTY and Department of Child Protective
21        Service.  4.) if ever, actually speak to the parents, and the relatives
          including the grandmother whom allegation have been brought
22        [sic] as part of the independent investifation [sic] they are
          supposed to perform pursuant to W & IC 317(c).

23

24   (Dkt. No. 26 at 3-4.)  Plaintiff fails to articulate how any of these generalized, vague, and

25   ─────────────────

26   diversity jurisdiction and the newly-added portion purportedly invokes the court's federal
     question jurisdiction.

conclusory allegations regarding institutional deficiencies amount to fraud or a conspiracy among

the named defendants.  Additionally, in the "original portion" of the first amended complaint,

plaintiff repeats verbatim the same paragraph from the original complaint, which the court

previously held was conclusory, devoid of necessary supporting factual allegations, and thus

insufficient to state a claim for conspiracy or fraud:

> On information and belief Defendants Savanna Cazares, Elizabeth Wright, Theresa Ravandi, Anders Tyslan, Joan Tyslan and Does 1 to 30 have committed civil conspiracy on the part of Plaintiff and her biological grandson by promising that the child (grandson) would be well cared for while in fact the child was dumped into social services the very next day after judgment was obtained in favor of defendants from the Sacramento Superior Court acting as the juvenile court.  All defendants mentioned in this paragraph at one time or another during the underlying case in Sacramento have falsely represented facts in sworn statements which is against the public policy in the State of California.

(Dkt. No. 26 at 7.)  The first amended complaint added a few further scattered allegations

regarding individual defendants:

> The documents filed by Anders Tyslan and Joan Tyslan requesting removal of the child showed the use of the past tense in describing the behavior of the child which indicates there were problems with the child and the Tyslans despite their false representation that there were no issues.

> Savanna Cazares Intentionally and wilfully misrepresented the condition of the oakland house that was for sale by Satoko Parlante under oath on or around August 1, 2008 during a contested hearing in Sacramento county.

> Theresa Ravandi had knowledge that they intended to dump him immediately after parental rights were terminated to internally prevent Satoko Parlante [plaintiff's daughter in law] from her immediate biological child.

> Elizabeth wright instructed Savannah Cazares to go to 45th st instead of 45th ave to purposely find that the Parlante family was not at home.

(Dkt. No. 26 at 7-8.)  However, as is apparent, these allegations are out of context, make little

sense, and do not even approach sufficient factual material to plead a claim for fraud under the

heightened pleading standards of Fed. R. Civ. P. 9, or any meeting of the minds between

1  defendants to violate plaintiff's rights necessary to support a conspiracy claim.  Woodrum v.

2  Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

3          Furthermore, although the first amended complaint in shotgun fashion also

4  purports to state claims under 42 U.S.C. §§ 1983, 1985, and 1988; Title II of the Americans with

5  Disabilities Act; the Rehabilitation Act; and for violations of Due Process, rights of privacy,

6  association, and familial association under the First, Fourth, and Fourteenth Amendments, it

7  contains virtually no factual allegations in support of such claims.  The first amended complaint

8  also entirely fails to clarify which defendants are alleged to be liable for which of these purported

9  claims.  "Prolix, confusing complaints...impose unfair burdens on litigants and judges."

10  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

11          The only non-frivolous claim plausibly raised is a Due Process claim under the

12  Fourteenth Amendment for violation of plaintiff's right to familial association with her grandson.

13  However, the Ninth Circuit has made clear that, unlike parents, noncustodial grandparents to

14  grandchildren who are dependents of the juvenile court do not have a substantive due process

15  right to family integrity and association with those grandchildren.  See Miller v. California, 355

16  F.3d 1172, 1175-77 (9th Cir. 2004) ("[T]here is no authority for the proposition that a

17  grandparent, by virtue of genetic link alone, enjoys a fundamental liberty interest in the adoption

18  of her grandchildren.")[3]

19          Therefore, in addition to the fact that plaintiff failed to oppose the motions to

20  dismiss in violation of the Local Rules, the court finds that the first amended complaint fails to

21  state a claim against the moving defendants Ravandi, Cazares, and Wright.  Despite having been

22  _____

23          [3] Moreover, to the extent that plaintiff seeks de novo review by this court of the
    underlying custody case "due to constitutional violations of Plaintiff's federally protected rights
    of due process and access to the courts" (dkt. no. 26 at 8), the court has already previously held

24  that this request amounts to a de facto appeal of the state court's judgment based on alleged
    constitutional errors and is barred by the Rooker-Feldman doctrine.  (See Order dated February

25  16, 2012, Dkt. No. 16 at 7-9 for detailed discussion.)  This has even greater significance in that
    this case essentially involves a child custody dispute, which is a matter traditionally within the

26  domain of the state courts.

1   previously provided with appropriate instruction and an opportunity to amend her complaint,

2   plaintiff failed to set forth the material facts and her associated claims in an intelligible manner,

3   leaving the defendants and the court to speculate as to what exactly her claims and the factual

4   bases for such claims are.  If plaintiff had demonstrated some effort to comply with the court's

5   prior order and improve the statement of her claims, the court would be inclined to permit

6   another opportunity to amend.  Instead, plaintiff disregarded the court's instruction and, if

7   anything, made her complaint even more unintelligible by adding frivolous claims and random

8   facts without any appropriate context.  Thus, in light of plaintiff's failure to make appropriate

9   efforts to cure the obvious deficiencies previously brought to her attention, the court concludes

10  that further amendment would be futile and that plaintiff's claims against these defendants

11  should be dismissed with prejudice.

12          For these same reasons, the court finds that dismissal of the remaining defendants

13  is also appropriate.  "A District Court may properly on its own motion dismiss an action as to

14  defendants who have not moved to dismiss where such defendants are in a position similar to

15  that of moving defendants or where claims against such defendants are integrally related."

16  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  The court's authority in this

17  regard includes sua sponte dismissal as to defendants who have not been served and defendants

18  who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery,

19  44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party

20  which had not yet appeared, on the basis of facts presented by other defendants which had

21  appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California,

22  4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

23          Here, although it is unclear whether defendants Anders Tyslan and Joan Tyslan

24  have even been served with process in this action, plaintiff's claims against them suffer from the

25  same deficiencies outlined above.  These defendants would similarly have to speculate as to what

26  exactly plaintiff's claims, and the factual bases for such claims, against them are.  As discussed

above, plaintiff was previously provided adequate notice of these deficiencies and failed to make appropriate efforts to cure them. As such, dismissal with prejudice of plaintiff's claims against these defendants is warranted.

Defendant Borkowski has previously appeared in the action. As to defendant Borkowski, although plaintiff alleges that he was an attorney who for a fee of $7,500.00 improperly represented plaintiff in the state court proceedings, thereby preventing her from obtaining custody of her grandson, plaintiff fails to specify exactly what claims or causes of action she alleges against him. In light of plaintiff's pro se status and surmising that plaintiff may be attempting to state a claim for negligence and/or legal malpractice against defendant Borkowski, the court previously gave plaintiff some instruction regarding the elements necessary to plead these causes of action. (Dkt. No. 16 at 7.) The court specifically stated that "[i]n any amended complaint, plaintiff shall clarify exactly what claims or causes of action are asserted against defendant Borkowski." (Id.) Plaintiff's first amended complaint again completely disregarded that order and added no further information regarding plaintiff's claims against defendant Borkowski. This similarly leaves defendant Borkowski and the court to guess as to whether plaintiff is proceeding against defendant Borkowski under a general negligence, legal malpractice, or perhaps even a breach of contract or some other theory. Because the court sees no reason to provide plaintiff with yet another opportunity to accomplish what she was clearly ordered to do before, the court will recommend that plaintiff's claims against defendant Borkowski also be dismissed with prejudice.

Finally, the court notes that plaintiff also purported to add her daughter-in-law and grandson's mother, Satoko Parlante, as a plaintiff in the first amended complaint. However, plaintiff never sought, and the court never granted, leave to amend the original complaint pursuant to Fed. R. Civ. P. 15(a)(2) for the purpose of joining additional plaintiffs. Instead, the court granted plaintiff leave to amend the original complaint to identify the specific claims alleged and to allege sufficient facts in support of each required element of each claim. Even if

1    the court were inclined to grant leave to amend for the purpose of adding an additional plaintiff,

2    there are virtually no specific and intelligible allegations regarding Satoko Parlante's

3    involvement in the case (beyond being the grandson's mother) and her dealings, if any, with

4    defendants.  As such, plaintiff has made no showing that justice requires granting leave to amend

5    under Fed. R. Civ. P. 15(a)(2) to permit joinder of Satoko Parlante as a plaintiff.  Furthermore, as

6    defendants point out, plaintiff cannot, as a pro se party and non-attorney, add Satoko Parlante as

7    a plaintiff and represent her in this action.[4]

8    CONCLUSION

9             Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED

10   that:

11            1.  The action be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P.

12   41(b) for failure to prosecute the case and failure to follow local rules and court orders;

13            2.  Defendant Ravandi's motion to dismiss (dkt. no. 27) and defendants Cazares

14   and Wright's motion to dismiss, motion to strike, and motion for misjoinder of parties (dkt. no.

15   28) be DENIED AS MOOT; and

16            3.  The case be closed.

17            These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19

20            [4] Additionally, on June 14, 2012, after the instant motions were submitted on the record,
     John Parlante, a non-party to this litigation, filed a declaration indicating that he is currently
21   incarcerated, without access to documents regarding the underlying custody case, and therefore
     unable to properly articulate the facts related to this case.  (See Dkt. No. 33.)  He vaguely alleges
22   further illegal acts by defendant Cazares, the referee and presiding judge in the custody case, and
     the state court of appeals, and requests additional time to correct the first amended complaint,
23   respond to the motions to dismiss, and serve defendants Anders and Joan Tyslan via publication.
     (Id.)  The court notes that John Parlante is not a party to the litigation and has no standing to seek
24   further leave to amend the complaint, additional time to oppose the motions to dismiss, or service
     by publication.  Additionally, plaintiff was already granted an extension to file her first amended
25   complaint in response to her March 16, 2012 request (see dkt. nos. 24, 25), resulting in the
     present deficient complaint.  Moreover, the vague facts set forth in Mr. Parlante's June 14, 2012
26   declaration fail to cure the deficiencies discussed above.  Accordingly, the court sees no reason to
     change its recommendation in light of Mr. Parlante's late-filed declaration.

9

1  (14) days after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4  shall be served and filed within seven (7) days after service of the objections.  The parties are

5  advised that failure to file objections within the specified time may waive the right to appeal the

6  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: July 2, 2012

8                                          /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12  GGH/wvr
    Parlante.2696.mtd3.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26